ALEXANDER B. CVITAN (SBN 81746),
(Email: alc@rac-law.com)
MARSHA M. HAMASAKI (SBN 102720),
(Email: marshah@rac-law.com)
PETER A. HUTCHINSON (SBN 225399)
(Email: peterh@rac-law.com)
REICH, ADELL & CVITAN, A Professional Law Corporation
3550 Wilshire Boulevard, Suite 2000
Los Angeles, California  90010-2421
Telephone:  (213) 386-3860; Facsimile:  (213) 386-5583

Attorneys for Plaintiff Construction Laborers Trust Funds
For Southern California Administrative Company, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>            Plaintiff,<br><br>      v.<br><br>ANZALONE MASONRY, INC., a California corporation;  KERRYANNE ANZALONE, an individual;  BLASÉ ANZALONE, JR., an individual; WESTERN NATIONAL MUTUAL INSURANCE COMPANY, a Minnesota corporation; SOLPAC CONSTRUCTION, INC., a California corporation doing business as SOLTEK PACIFIC CONSTRUCTION COMPANY; LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation, and DOE 1 through DOE 4, inclusive,<br><br>            Defendants. | CASE NO.:<br><br>**COMPLAINT FOR:**<br><br>**1) CONTRIBUTIONS TO EMPLOYEE BENEFIT PLANS;**<br>**2) FOR SPECIFIC PERFORMANCE COMPELLING AN AUDIT;**<br>**3) DAMAGES FOR BREACH OF FIDUCIARY DUTIES;**<br>**4) RECOVERY AGAINST LICENSE BOND;**<br>**5) RECOVERY AGAINST PAYMENT BOND**<br>**6) FOR RECOVERY AGAINST PAYMENT BOND**<br><br>[29 U.S.C. §§ 185(a), 1132(g)(2) & 1145;  28 U.S.C. § 1367(a); Cal. Bus. & Prof. Code § 7071.11; Cal. Civil Code § 9502] |

Plaintiff alleges as follows:

## INTRODUCTION

1.      This action is brought by a fiduciary administrator on behalf of employee

319230.1

benefit plans to collect contributions due such plans, and to compel an employer to submit its records for a complete audit in accordance with the terms and conditions of the plans, the collective bargaining agreement between the employer and a labor organization, and pursuant to statutes, as well as for breach of fiduciary duty to the plans.  This action will further seek recovery against the employer's license bond surety and against a payment bond on a public works project for the contributions owed pursuant to State law.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the First through Third Claims under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. §§ 1132 and 1145 and Section 301(a) of the Labor Management Relations Act, ("LMRA"), 29 U.S.C. § 185(a).  This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the Fourth through Fifth claims arising under California law, as all claims arise from a common core of transactions, and seek payment of overlapping damages.  Venue is proper in this district in that the employee benefit plans are administered and breach took place within this district.

## PARTIES

3.     Plaintiff CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY ("CLTF") is a Delaware limited liability company, with its principal place of business in this District. CLTF is the administrator and agent for collection of several employee benefit plans, and a fiduciary as to those plans, including the Laborers Health And Welfare Trust Fund For Southern California, Construction Laborers Vacation Trust For Southern California, Laborers Training And Re-Training Trust Fund For Southern California, Center For Contract Compliance, Laborers' Trusts Administrative Trust Fund For Southern California, and San Diego County Construction Laborers Pension Trust Fund

-2-

319230.1

(collectively "TRUST FUNDS").  Each are express trusts and were created by written agreements and are employee benefit plans within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3) and multi-employer plans within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A).  The TRUST FUNDS are jointly-managed trusts in accordance with LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), created pursuant to collective bargaining agreements between the Southern California District Council of Laborers and its Affiliated Locals, including Local No. 89 ("UNION") and various employers.  The TRUST FUNDS are administered in the County of Los Angeles, State of California.  CLTF brings this action as a fiduciary on behalf of the TRUST FUNDS.

4.     Plaintiff is informed and believes and thereon alleges that Defendant, ANZALONE MASONRY, INC., ("EMPLOYER"), is a corporation organized and existing under and by virtue of the laws of the State of California and is and/or was engaged in business in the State of California with its principal place of business in the City of Santee, County of San Diego, State of California.

5.     Plaintiff is informed and believes and thereon alleges that Defendant, KERRYANNE ANZALONE, (hereinafter referred to as "K.ANZALONE") is the principal, beneficial owner and responsible managing officer of EMPLOYER and resides and is engaged in business in the City of Santee, County of San Diego, State of California.

6.     Plaintiff is informed and believes and thereupon alleges that BLASE ANZALONE, JR ("B.ANZALONE") is a principal beneficial officer and/or a co-responsible managing officer of EMPLOYER and resides and is engaged in business in the City of Santee, County of San Diego, State of California.

7.     Plaintiff is informed and believes and thereupon alleges that Defendant, WESTERN NATIONAL MUTUAL INSURANCE COMPANY (hereinafter referred to as "WESTERN") is a Minnesota corporation, licensed and authorized to perform and transact a surety business in the State of California, with its principal place of business in the City of Edina, State of Minnesota.

-3-

319230.1

8.      Plaintiff is informed and believes and thereon alleges that Defendant, SOLPAC CONSTRUCTION, INC., is California corporation doing business as SOLTEK PACIFIC CONSTRUCTION COMPANY ("SOLPAC"), and is organized and existing under and by virtue of the laws of the State of California and is and/or was engaged in business in the State of California with its principal place of business in the City of San Diego, County of San Diego, State of California and was and still is the prime contractor on a public works project for the San Diego Unified School District.

9.      Plaintiff is informed and believes and thereupon alleges that Defendant, LIBERTY MUTUAL INSURANCE COMPANY (hereinafter referred to as "LIBERTY") is a Massachusetts corporation, licensed and authorized to perform and transact a surety business in the State of California, with its principal place of business in the City of Boston, State of Massachusetts.

10.     The true names and capacities, whether individual, corporate, associate, otherwise of Defendants named herein as DOE 1 through DOE 4, inclusive are unknown to Plaintiff, who therefore sue said Defendants by such fictitious names, and Plaintiff will amend this Complaint to show their true names and capacities when the same have been ascertained.

OTHERS

11.     The San Diego Unified School District ("SDUSD") is a "Public Entity," as defined in California Civ. Code § 8036 and is located in the City of San Diego, County of San Diego, State of California.  The SDUSD is not a party to this action.

12.     The Southern California District Council of Laborers and its affiliated Local Unions, including Local No. 89 (collectively "UNION") is, and at all relevant times was, a labor organization representing employees affecting interstate commerce. The UNION is not a party to this action.

13.     The persons listed in the attached Exhibit "A" are or were employees of EMPLOYER who performed work on projects for the SDUSD identified on the

-4-

319230.1

Exhibit and in paragraphs 25, 55 and 57 below during the periods indicated therein. Said persons listed on Exhibit "A" shall be hereinafter referred to as "LABORERS". Each of the LABORERS is a "laborer" within the meaning of Cal. Civ. Code § 8024.

14.     Plaintiff is informed and believes and thereupon alleges that Precision Masonry Builders, Inc., ("PRECISION") is a related company to EMPLOYER with the same principal, the same business address as EMPLOYER and has issued subcontracts to EMPLOYER and/or had EMPLOYER take over work commenced by PRECISION.

## INDIVIDUAL DEFENDANTS

15.     Plaintiff is informed and believes and thereon alleges that at all times material herein, that K.ANZALONE and B.ANZALONE were and/or continue to be fiduciaries and/or parties in interest to the TRUST FUNDS as defined in 29 U.S.C. §§ 1002(14), and 1002(21)(A), for the reasons more fully described below and in the Second Claim for Relief.

16.     Plaintiff is informed and believes and thereon alleges that K.ANZALONE and/or B.ANZALONE are responsible for running the day to day operations and day to day financial decisions of EMPLOYER.  EMPLOYER and/or KANZALONE and/or B.ANZALONE are responsible for decisions pertaining to the reporting and payment of contributions to the TRUST FUNDS, and personally maintained control of those funds which should have been turned over to the TRUST FUNDS.

17.     Plaintiff is informed and believes and thereon alleges that at all times herein, K.ANZALONE and/or B.ANZALONE are majority shareholders of EMPLOYER and/or the beneficial owners of EMPLOYER.

18.     Plaintiff is informed and believes and thereon alleges that K.ANZALONE and/or B.ANZALONE acted on behalf of and in the interest of EMPLOYER in all aspects of labor relations and in EMPLOYER'S dealings and relations with the TRUST FUNDS, and the UNION.

19.     Plaintiff is informed and believes and thereon alleges that K.ANZALONE

-5-

and/or B.ANZALONE acted on behalf of EMPLOYER and in the interest of EMPLOYER in determining which employees EMPLOYER would report to the TRUST FUNDS, the number of hours upon which contributions would be reported as owing, and the amount and timing of contributions.

## FIRST CLAIM FOR RELIEF
## CONTRIBUTIONS OWED TO THE TRUST FUNDS
### (AGAINST EMPLOYER)
### [29 U.S.C. §§ 185 and 1145]

20.    Plaintiff repeats and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 19, above.

## AGREEMENTS

21.    In order to work on projects for the San Diego Unified School District ("SDUSD"), EMPLOYER became bound to an agreement between the SDUSD and the San Diego Building and Construction Trades Council, and their signatory Craft Unions (including the Southern California District Council of Laborers and affiliated Laborers Local No. 89 ("UNION") known as the "SDUSD Project Stabilization Agreement Construction and Major Rehabilitation Funded by Proposition S" ("SDUSD PSA"). The SDUSD PSA incorporates by reference existing Master Labor Agreements of the UNION, including but not limited to the "AGC Master Labor Agreement for Building Construction" as well as other Agreements for specific types of work ("SD MLA"). At all times material herein, EMPLOYER has been and continues to be bound by the Labor Agreements relating to work on projects covered by the SDUSD PSA.

22.    Pursuant to the SDUSD PSA, and SD MLA, EMPLOYER became obligated to all the terms and conditions of the various Trust Agreements which created each of the TRUST FUNDS as they may be constituted in their original form

-6-

319230.1

or as they may be subsequently amended.  The referenced Agreements will be collectively referred to as "Agreements".  The Agreements obligate EMPLOYER to pay fringe benefit contributions at the rates set forth in the Agreements for each hour worked (or paid for) by employees performing services covered by the Agreements ("Monthly Contributions").  The EMPLOYER is additionally required to submit monthly reports with these Monthly Contributions, detailing the name, address, social security number and hours worked that month for each employee covered by the Agreements and those monthly reports are required to be submitted even where there are no employees to report for the reporting period.  The TRUST FUNDS depend on the truth and accuracy of this information, in order to not only determine the correct amount of Monthly Contributions due, but to fulfill their own fiduciary duties to properly credit participants towards the benefits provided by the TRUST FUNDS. Those Monthly Contributions constitute assets of the TRUST FUNDS, pursuant to the terms of the Agreements and applicable law, from the time they are due and can be reasonably segregated from other funds.  The Trustees of the TRUST FUNDS have a fiduciary duty to marshal those assets so that they may be applied for the benefit of the participants and beneficiaries in accordance with the various Trust Agreements.

23.     By the Agreements and pursuant to 29 U.S.C. § 1132(g)(2)(C), EMPLOYER is obligated to pay to the TRUST FUNDS, as and for liquidated damages for detriment caused by the failure of EMPLOYER to pay fringe benefit Monthly Contributions in a timely manner, a sum equal to $25.00 or twenty percent (20%) of the unpaid Monthly Contributions or interest on the unpaid Monthly Contributions at rates established pursuant to the Agreements from their respective due dates, whichever is the greater amount, for each of the TRUST FUNDS to which EMPLOYER is required to contribute.

24.     By the Agreements and pursuant to 29 U.S.C. § 1132(g)(2)(B), EMPLOYER is obligated for payment of interest on delinquent Monthly Contributions from the due date of the contribution through the payment date of the contribution, at

the per annum rate of five percent (5%) over the rate set by the Federal Reserve Board at San Francisco, California, effective on the date each contribution is due.

25.    The Agreements obligate EMPLOYER, to require its subcontractors to be bound to the SDMLA in order to work on the SDUSD projects covered by the SDUSD PSA.

26.    The Agreements provide the TRUST FUNDS with specific authority to examine and copy all of EMPLOYER'S payroll and business records which may be pertinent to determining whether EMPLOYER has reported all hours worked (or paid for) by employees who perform services covered under the Agreements and has paid the appropriate Monthly Contributions to the TRUST FUNDS, and that the EMPLOYER shall be responsible for the costs of such audit.

## BREACH OF AGREEMENTS

27.    Plaintiff is informed and believes and based on such information and belief alleges that EMPLOYER employed workers who performed services covered by the Agreements and failed to pay the rates specified in the Agreements to TRUST FUNDS on behalf of those workers for each hour worked (or paid for) by employees performing services covered by the Agreements.  Due to EMPLOYER'S refusal or failure to comply with an audit by the TRUST FUNDS and its continuing monthly reporting and payment obligations under the Agreements, additional amounts may be discovered and become due and owing by EMPLOYER which cannot ascertained at this time.  Said amounts will be established by proof at the trial or other hearing.

28.    All conditions to EMPLOYER'S obligations to make payments under the Agreements have been met.

## DAMAGES

29.    As a result of EMPLOYER'S failure to pay the rates specified in the Agreements, Plaintiff is informed and believes and thereupon alleges that there is now

-8-

owing and unpaid to the TRUST FUNDS from EMPLOYER, during the period from October 2016 to January 2017  damages in the sum of at least $24,630.24 consisting of $19,977.10 in unpaid Monthly Contributions, $3,995.44 in liquidated damages, $577.70 in interest on the late and/or unpaid  Monthly Contributions owed to the TRUST FUNDS through June 2, 2017, plus additional accrued interest at the plan rate(s), currently 6.50% per annum, until payment of the contribution is made as well as any additional Monthly Contributions, liquidated damages, audit fees and interest on the additional amounts owed at the plan rate(s) according to proof at the time of trial or other hearing.

30.    The failure of the EMPLOYER to pay Monthly Contributions when due causes harm to the TRUST FUNDS and its participants, which is impractical to accurately quantify.  This may include the cost of collecting the Monthly Contributions from the EMPLOYER or third parties (not including the costs of this litigation), the cost of special processing to restore benefit credits because of late Monthly Contributions, the temporary loss of insurance coverage by employees (even if later restored) and medical harm to participants and beneficiaries who may have foregone medical care when notified that medical insurance ceased because of their employer's failure to pay Monthly Contributions.  The liquidated damages provision of the Agreements was meant to compensate for this unquantifiable loss, and is based on the ratio of collection costs over amounts collected, regularly reported to the Trustees.  The Trustees of the TRUST FUNDS have the authority, in their discretion, to waive all or part of these liquidated damages.  In this case, they have exercised their discretion by declining to waive any liquidated damages.

31.    It has been necessary for the TRUST FUNDS to engage counsel to bring this action to compel compliance with the Agreements which provide that in the event litigation is necessary with respect to any of the fringe benefit Monthly Contributions and/or damages against EMPLOYER, then EMPLOYER would pay reasonable attorney's fees and all other reasonable expenses of collection, including audit fees.

-9-

32.     Under Sections 515 and 502(g) of ERISA, EMPLOYER is liable to the TRUST FUNDS not only for the amount of delinquent Monthly Contributions but also (a) for pre-judgment and post-judgment interest on the delinquent sums (as provided for in Section 502(g) of ERISA); (b) for the higher of interest or liquidated damages (as provided for in Section 502(g) of ERISA); (c) for attorneys' fees; and (d) for other relief permitted by Section 502(g) of ERISA.

## SECOND CLAIM FOR RELIEF
### SPECIFIC PERFORMANCE COMPELLING AUDIT
### (Against EMPLOYER)

33.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 32, inclusive as though fully set forth herein.

34.     Plaintiff's claim herein is for specific performance of the Agreements.

35.     Pursuant to the Agreements and 29 U.S.C. § 1059(a)(1), the TRUST FUNDS have specific authority to examine the payroll and business records of employers, including the EMPLOYER, to determine whether they have reported and paid contributions on all hours worked by (or paid for) their employees who perform work covered under the Agreements, and whether they have otherwise abided by the payment obligations of the Agreements.  The Agreements further provide that employers, including the EMPLOYER, shall pay the TRUST FUNDS' attorney's fees if legal action is necessary to compel the audit, and audit fees to complete the audit of EMPLOYER'S records and the TRUST FUNDS have delegated the authority to perform such audits to Plaintiff.

36.     Plaintiff has requested access to EMPLOYER'S payroll and business records for the purpose of conducting an audit; however, EMPLOYER has failed and/or refused to allow the TRUST FUNDS an audit of its payroll and business

319230.1

records.  Plaintiff seeks an audit of EMPLOYER'S records on all projects worked on for the SDUSD covered by the Agreements from September 2016 to the date of the audit.

37.     The TRUST FUNDS have no adequate or speedy remedy at law in that EMPLOYER refuses to comply with the production of its payroll and business records for an audit.  Plaintiff therefore respectfully requests that the Court exercise its authority under 29 U.S.C. §§ 1132(g)(2)(E) and 1132(a)(3) to order the EMPLOYER to comply with its obligation under the Agreements and ERISA to fully produce its books and records in order for Plaintiff to complete an audit to determine if additional amounts are due.

38.     Upon completion of the audit sought herein, Plaintiff will seek recovery of any delinquent contributions found due, as well as liquidated damages, audit costs, other damages, interest in addition to attorneys' fees and costs as provided for by Agreements and under sections 502(g)(1) and/or (g)(2) of ERISA (29 U.S.C. § 1132(g)(1) and/or (g)(2)).

## THIRD CLAIM FOR RELIEF

**Damages for Breach of Fiduciary Duties in Violation of ERISA**

**(Against EMPLOYER, K.ANZALONE, B.ANZALONE and**

**DOE 1 through DOE 4)**

39.     Plaintiff repeats and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 38 above.

40.     Plaintiff is informed and believes and thereon alleges that K.ANZALONE, B.ANZALONE and DOE 1 and DOE 4 (collectively, "PRINCIPALS") were and still are parties in interest, the agents, managing officers, directors, managing employees,  and/or beneficial owners of EMPLOYER with the authority to direct, control, and/or manage the business affairs of EMPLOYER

1   including the disposition of EMPLOYER'S assets.

2       41.    Plaintiff is informed and believes and thereon allege that EMPLOYER

3   and PRINCIPALS were and still are fiduciaries with respect to the TRUST FUNDS

4   within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), in that they

5   exercised discretionary authority or control respecting management or disposition of

6   assets of the TRUST FUNDS.

7       42.    The Agreements require that EMPLOYER deduct Monthly Contributions

8   due to the CONSTRUCTION LABORERS VACATION TRUST FUND FOR

9   SOUTHERN CALIFORNIA ("VACATION FUND") from EMPLOYER'S employees'

10  weekly paychecks, in the amounts specified.  Such deductions are "amounts that a

11  participant has withheld from his wages by an employer, for contribution" to the

12  TRUST FUNDS, which thus become assets of the TRUST FUNDS within the meaning

13  of 29 C.F.R. § 2510.3-102, "as of the earliest date on which such contributions . . . can

14  reasonably be segregated from the employer's general assets."

15      43.    On "public works" as defined by California Labor Code § 1720, the

16  EMPLOYER was required to pay a minimum "prevailing" or "per diem" wage,

17  including amounts which could either be paid directly on the weekly paycheck to

18  employees, or contributed as "employer payments" (as defined in Labor Code

19  § 1773.1) which includes payments to the TRUST FUNDS.  The EMPLOYER

20  employed workers on such public works, also covered by the Agreements, and

21  certified under penalty of perjury (pursuant to Labor Code § 1776) that a portion of the

22  required prevailing wage due such employees would be withheld from their per diem

23  weekly wage and instead contributed to the TRUST FUNDS, in satisfaction of the

24  prevailing wage required law.  The U.S. Department of Labor has taken the position

25  that such amounts are "amounts that a participant has withheld from his wages by an

26  employer, for contribution" to the TRUST FUNDS, which become assets of the

27  TRUST FUNDS within the meaning of 29 C.F.R. § 2510.3-102, "as of the earliest date

28  on which such contributions . . . can reasonably be segregated from the employer's

-12-

319230.1

general assets."

44.    Plaintiff is informed and believes that, instead of turning over the portions of the prevailing wage the EMPLOYER certified was to be paid to the TRUST FUNDS from employees' weekly paychecks, that the EMPLOYER and/or PRINCIPALS kept those amounts for their own use, and did not segregate or turn them over to the TRUST FUNDS.

45.    Plaintiff is informed and believes that PRINCIPALS are the persons responsible for preparing and issuing certified payroll reports to public agencies under Labor Code § 1776, and responsible for the certification that such amounts would be paid to the TRUST FUNDS as part of the prevailing wage obligation.  Plaintiff is further informed and believes that PRINCIPALS had discretionary authority or control over sufficient, segregable funds to pay the amounts certified under penalty of perjury, that would be withheld from employees' weekly wages for contribution to the TRUST FUNDS in order to meet prevailing wage obligations, including the authority to write checks on the accounts in which such funds were held, but instead kept them for his own use, or for the use of the EMPLOYER.

46.    By their discretionary authority or control over the management or disposition of assets of the TRUST FUNDS, specifically to VACATION FUND as well as the fringe benefit component of prevailing wages on public works, described above, EMPLOYER and PRINCIPALS are fiduciaries of the TRUST FUNDS within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

47.    The amount of the delinquent Monthly Contributions referenced herein above were and still are due and owing to the TRUST FUNDS and are assets of the TRUST FUNDS within the meaning 29 U.S.C. §§ 1001-1003, 1021-1031, 1111-1114 and 18 U.S.C. § 664.  The amounts will be proven at the time of trial or other hearing, plus interest at the plan rate(s).

48.    By failing to timely account for and turn over the assets of the TRUST FUNDS described above, by failing to apply such assets for the exclusive benefit of

participants and beneficiaries of the TRUST FUNDS, and instead using those assets for their own benefit, EMPLOYER and PRINCIPALS breached their fiduciary duties to the TRUST FUNDS within the meaning of sections 404(a)(1)(A), (B) and (D), of ERISA, 29 U.S.C. §§ 1104(a)(1)(A), (B) and (D).

49.     Plaintiff is informed and believes and thereon alleges that the acts and omissions to act by EMPLOYER and PRINCIPALS constitute misuse, misappropriation and/or conversion from employee benefit plans within the meaning of 18 U.S.C. § 664 and breach of their fiduciary obligations within the meaning of 29 U.S.C. § 1104 through §1106.

50.     Pursuant to § 409 of ERISA, 29 U.S.C. § 1109, PRINCIPALS and EMPLOYER are personally liable to make good to the TRUST FUNDS any losses to them resulting from each such breach of their fiduciary duties, and to restore to the TRUST FUNDS any profits which have been made through their use of these assets of the TRUST FUNDS.  Plaintiff seeks an accounting from EMPLOYER and PRINCIPALS of the amount and disposition of these assets.

51.     Plaintiff requests that it be awarded its costs and reasonable attorney's fees pursuant to § 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), and such other remedies as may be available pursuant to ERISA §§ 409(a) and 502(a)(2), 29 U.S.C. §§ 1109(a) and 1132(a)(2).

## FOURTH CLAIM FOR RELIEF
## AGAINST STATE CONTRACTORS LICENSE BOND
### (Against WESTERN)

52.     Plaintiff repeats and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 38, as if fully set forth.

53.     Pursuant to various provisions of the Business and Professions Code, EMPLOYER obtained from WESTERN, bond number W60315763920 ("License

-14-

319230.1

Bond") and filed the License Bond with the Registrar of the California State
Contractors License Board in the penal sum as required by statute and in favor of the
State of California.

54.    TRUST FUNDS, as assignee of the various laborers' claims for recovery
of the benefit portion of their wages, falls within the class or classes of claimants as set
forth in California  Business and Professions Code §§ 7071.5, 7071.10 and Civil Code
§ 8024(b), and is a beneficiary of the License Bond.

55.    Pursuant to the terms of its bonds, and provisions of California Business
and Professions Code, WESTERN is responsible for paying up to the penal sum of said
bonds to the TRUST FUNDS for the unpaid contribution owed on behalf of
EMPLOYER'S LABORERS.

## FIFTH CLAIM FOR RELIEF
### ENFORCEMENT OF PAYMENT BOND
### (Against SOLPAC, LIBERTY)

56.    Plaintiff repeats and realleges and incorporates herein by reference each
and every allegation contained in paragraphs 1 through 38, as if fully set forth.

### PROJECT

57.    Plaintiff is informed and believes and thereupon alleges that the SDUSD
entered into a contract(s) with SOLPAC for construction or repair upon the work of
improvement known as "Whole Site Modernization and HVAC at Monroe Clark
Middle School" ("Monroe Clark Project") and SOLPAC in turn subcontracted portions
of the work of improvement on the Monroe Clark Project first to a PRECISION, who
thereafter subcontracted to work to EMPLOYER.  Pursuant to those contract(s) and
subcontract(s), LABORERS of the EMPLOYER performed actual labor in the
construction of the works of improvement upon the Monroe Clark Project described
herein above, expending numerous hours for which EMPLOYER promised and agreed

-15-

to pay wages and Monthly Contributions to and on behalf of its LABORERS for work performed on the Monroe Clark Project.

58.     The Monroe Clark Project is a "public works" as defined in Cal. Labor Code § 1720 and work performed on it is performed pursuant to a "public works contract" as defined in Cal. Civ. Code § 8038.  Pursuant to Cal. Labor Code § 1771, the "general prevailing rate of per diem wages" must be paid to all workers employed on the Monroe Clark Project.  The work of the LABORERS of the EMPLOYER on the Monroe Clark Project is covered by the SDUSD PSA and Agreements described above.

<u>LABOR PERFORMED ON PUBLIC PROJECT;</u>
<u>UNPAID COMPENSATION</u>

59.     EMPLOYER employed LABORERS listed on Exhibit "A" attached hereto on the Monroe Clark Project, subject to the terms and conditions of the Agreements, including the requirement of Monthly Contributions as part of their total compensation payable to the TRUST FUNDS.

60.     The work of LABORERS of the EMPLOYER on the Monroe Clark Project was necessary for the construction, alteration or repair of buildings, improvements or structures upon the Monroe Clark Project, and was performed at the instance and request of EMPLOYER, and the SDUSD and/or SOLPAC.

61.     EMPLOYER failed to remit the Monroe Clark Project in the sum of $11,100.19 in Monthly Contributions due by it on behalf of the LABORERS to the TRUST FUNDS for work covered by the Agreements performed by its LABORERS which is part of their compensation for work performed on the Monroe Clark Project.

62.     Pursuant to Cal. Civ. Code § 9550, a labor and material payment bond was issued by LIBERTY on the Monroe Clark Project, including bond number 24065161 ("Payment Bond") naming SOLPAC as the principal and the SDUSD as the oblige.

319230.1

63.     The LABORERS are persons described in Cal. Civ. Code §§ 8024 and 9100 to whom the Payment Bond inures to the benefit of, as required by Cal. Civ. Code § 9554(c).  The TRUST FUNDS are entitled to seek that portion of the compensation of the LABORERS to be paid in the form of Monthly Contributions, and thus, persons described in Cal. Civ. Code §§ 8024 and 9100, to whom the Payment Bond inures to the benefit of, as required by Cal. Civ. Code § 9554(c).

64.     Although TRUST FUNDS are not required to file a preliminary notice, on or about January 10, 2017, TRUST FUNDS timely served on SOLPAC, LIBERTY and EMPLOYER, a claim on the Payment Bond identified as Bond No. 24065161 relating to work performed by the LABORERS on the Monroe Clark Project.

65.     The claim by the TRUST FUNDS on the PAYMENT BOND covers the period of October 2016 through January 2017 in the sum of $11,100.19 in unpaid compensation in the form of Monthly Contributions, plus interest calculated to June 2, 2017 in the sum of $297.23, plus additional accrued interest thereafter at the plan rate(s) currently 6.5% per annum or the legal rate(s) per annum whichever is greater.

66.      TRUST FUNDS are informed and believe and thereupon allege that additional compensation in the form of Monthly Contributions, plus interest thereon at the Plan rate(s) or legal rate may be due, owing and unpaid by EMPLOYER to the TRUST FUNDS on behalf of the LABORERS on the Monroe Clark Project and those amounts will be claimed against the Payment Bond established by proof at the time of trial or other hearing. SOLPAC, and LIBERTY have failed and refused, after demand, to pay the obligation of the Payment Bond on the Monroe Clark Project to the TRUST FUNDS.

67.     TRUST FUNDS bring this action to enforce the claim against the Payment Bond pursuant to Cal. Civ. Code §§ 8024, 9100, 9558.

68.     Pursuant to Cal. Civ. Code §§ 9554 and 9564, the TRUST FUNDS are entitled to their attorney's fees and costs in bringing this action to recover their claim against the Payment Bond.  In addition,  TRUST FUNDS are entitled to recover  30

319230.1

days extra compensation, at the contribution rates for LABORERS on the Monroe Clark Project as a penalty under Cal. Labor Code § 203.5.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

## FOR PLAINTIFF'S FIRST CLAIM FOR RELIEF

1.      For the sum of $19,977.10, for delinquent fringe benefit Monthly Contributions pursuant to the Agreements and 29 U.S.C. § 1132(g)(2)(A), or according to proof.

2.      Interest on the delinquent Monthly Contributions in the amount of $577.70 through June 2, 2017, as required by the Agreements and pursuant to 29 U.S.C. § 1132(g)(2)(B), plus additional accrued interest at the plan rate(s);

3.      For liquidated damages in the sum of $3,995.44, as required by the Agreements and 29 U.S.C. § 1132(g)(2)(C);

4.      For any additional Monthly Contributions, liquidated damages, audit fees discovered to be due and owing by EMPLOYER, according to proof at the time of trial or other hearing plus interest at the plan rate(s).

5.      For reasonable attorney fees and costs of suit as required by the Agreements and 29 U.S.C. § 1132(g)(2)(D);

6.      For Plaintiff's costs of audit, in accordance with the Agreements and 29 U.S.C. § 1132(g)(2)(E);

7.      For any preliminary or permanent equitable relief necessary to enforce the EMPLOYER'S obligations to contribute to the TRUST FUNDS, and to submit to an audit of its records pursuant to the Agreements and 29 U.S.C. § 1132(g)(2)(E); and

8.      For such other and further relief as the Court deems proper.

## FOR PLAINTIFF'S SECOND CLAIM FOR RELIEF

1.      That EMPLOYER, its managing officers, including EMPLOYER'S,

K. ANZALONE, B.ANZALONE, its managing employees, agents, and all persons acting by, through, or in concert with the EMPLOYER, be compelled to forthwith submit to an audit of EMPLOYER'S payroll and business records on all projects worked on for the SDUSD covered by the SDUSD PSA, including the Monroe Clark Project from the date of commencement of its work to the date of the audit and that EMPLOYER produce the following payroll and business records to the TRUST FUNDS for inspection, examination and copying, including all records maintained in electronic data format:

1.1.   All payroll and employee documents including, but not limited to, EMPLOYER'S payroll journals, employees earning records, certified payrolls, payroll check books and stubs, canceled payroll checks, payroll time cards, state and federal payroll tax returns, labor distribution journals and any other documents reflecting the number of hours which EMPLOYER'S employees worked, their names, social security numbers, addresses and job classifications on the project on which the employees performed their work.

1.2.   The project files including all documents, agreements and contracts between EMPLOYER and any general contractor, subcontractor, builder and/or developer, field records, job records, notices, project logs, supervisor's diaries or notes, employees diaries, memorandum, releases and any other documents which related to the supervision of EMPLOYER'S employees on the projects on which they performed their work.

1.3.   All EMPLOYER'S documents related to cash receipts including but not limited to, the cash receipts journals, accounts receivable journal, accounts receivable subsidiary ledgers and billing invoices relating to the projects worked on under the Agreements.

1.4.   All EMPLOYER'S bank statements for all checking, and savings

-19-

319230.1

accounts relating to projects worked on under the Agreements.

1.5.   All EMPLOYER'S documents related to cash disbursements, including but not limited to, vendors' invoices, cash disbursement journal, accounts payable journals, check registers and all other documents which indicate cash disbursements relating to the projects worked on under the Agreements.

1.6.   All records and documents relating to work taken over from PRECISION, and payments made by PRECISION to EMPLOYER, and/or between EMPLOYER and PRECISION.

1.7.   All collective bargaining agreements between EMPLOYER and any trade union and all Monthly Report Forms submitted by EMPLOYER to any union trust fund.

2.   For any delinquent contributions, liquidated damages, interests, audit costs, attorneys' fees and costs as required by the agreements and ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), according to proof at the time of trial or other hearing.

3.   For reasonable attorney's fees;

4.   For TRUST FUNDS' costs of suit herein; and

5.   For such other and further relief as the Court deems proper.

## FOR PLAINTIFF'S THIRD CLAIM FOR RELIEF

1.   For unpaid Monthly Contributions in the sum of at least $19,977.10 and, owed by EMPLOYER plus additional amounts according to proof of the time of trial or other hearing, and an accounting of all assets of the TRUST FUNDS which have not been turned over to the TRUST FUNDS, and any profits derived by EMPLOYER and/or K.ANZALONE and/or B.ANZALONE therefrom;

2.   For personal liability of EMPLOYER and K.ANZALONE and/or B.ANZALONE for their breaches of fiduciary duty, pursuant to ERISA § 409(a), 29 U.S.C. § 1109(a);

319230.1

3.      For reasonable attorneys' fees and costs of suit pursuant to § 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1); and

4.      For such other and further relief as the Court deems proper and just, pursuant to ERISA §§ 409(a) and 502(a)(2), 29 U.S.C. §§ 1109(a) and 1132(a)(2).

## FOR PLAINTIFF'S FOURTH CLAIM FOR RELIEF

1.      For up to the sum of at least $4,000.00 from WESTERN on its License Bond, plus interest at the legal rate per annum from the date Monthly Contributions became due;

2.      For the costs of suit herein;

3.      For reasonable attorneys' fees;

4.      For such other and further relief as the Court deems just and proper.

## FOR PLAINTIFF'S FIFTH CLAIM FOR RELIEF

1.      For recovery against SOLPAC and/or LIBERTY on the PAYMENT BOND on the Monroe Clark Project pursuant to Cal. Civ. Code §§ 9550, 9554 & 9564; Cal. Civ. Proc. Code §§ 996.410, 996.430 and 996.440;

2.      For the sum of $11,100.19 in unpaid Monthly Contributions guaranteed by the Payment Bond or work performed by LABORERS for EMPLOYER on the Monroe Clark Project and at least $1,695.56 in interest through March 20, 2017 plus additional accrued interest at the legal rate per annum thereafter, including interest pursuant to Cal. Labor Code § 218.6, Cal. Civ. Code § 3287 or the TRUST FUNDS' plan rate (s), whichever is greatest;

3.      For reasonable attorney fees and costs, pursuant to Cal. Civ. Code §§ 9554 and 9564 from the Payment Bond;

4.      For additional Monthly Contributions and interest that may be discovered as due, owing and unpaid by EMPLOYER on the Monroe Clark Project, according  to proof at the time of trial or other hearing;

319230.1

1         5.     For 30 days extra compensation, at the contribution rates for LABORERS

2    on the Monroe Clark Project as a penalty under Cal. Labor Code

3    § 203.5; and

4         6.     For such other and further relief that the Court deems just and proper.

5

6                                    Respectfully Submitted,

7    Dated:   June 7, 2017         ALEXANDER B. CVITAN,
                                MARSHA M. HAMASAKI, and

8                                    PETER A. HUTCHINSON, Members of
                                REICH, ADELL & CVITAN

9                                    A Professional Law Corporation

10

11                                   By___/s/ Marsha M. Hamasaki_____
                                  MARSHA M. HAMASAKI

12                                     Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

319230.1